**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-00320-RM-KLM

JESS WATTS,

      Plaintiff,

v.

CHRIS DONLEY,
CHRIS DONLEY REAL ESTATE,
GRANT W. LEWIS,
LAW OFFICE OF GRANT W. LEWIS,
KATHY ELLIOTT,

      Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff Jess Watts' "Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief" (ECF No. 9). For the reasons stated below, the Court DENIES Plaintiff's motion.

**I.      BACKGROUND**

On February 17, 2015, Plaintiff filed a Verified Complaint ("Complaint")[1] alleging Defendants: (1) denied him due process pursuant to 42 U.S.C. § 1983 (ECF No. 1 at 16-20); (2) lacked standing to foreclose on a property owned by him (ECF No. 1 at 20-21); (3) engaged in mortgage fraud (ECF No. 1 at 21-22); (4) intentionally inflicted emotional distress (ECF No. 1 at

---

[1] For ease of reference, the Court refers to the Complaint's electronic case filing page numbers as opposed to Plaintiff's page numbering.

22-23); (5) slandered him (ECF No. 1 at 23-24); (6) deprived him of property pursuant to 42

U.S.C. § 1983 (ECF No. 1 at 24-25); (7) committed fraud on a court (ECF No. 1 at 25-26, 50);

(8) engaged in a conspiracy pursuant to 42 U.S.C. § 1985(3) (ECF No. 1 at 50-51); and (9)

wrongfully foreclosed on his property (ECF No. 1 at 51-53). Plaintiff's Complaint names as

Defendants: (1) Chris Donley ("Donley"); (2) Chris Donley Real Estate (3) Grant W. Lewis

("Lewis"); (4) the Law Office of Grant W. Lewis; and (5) Kathy Elliott ("Elliott") in her official

capacity as Public Trustee of Freemont County, Colorado. (ECF No. 1.) Plaintiff's Complaint

does not specify any allegations against Elliott. (*See generally* ECF No. 1.) Plaintiff's

Complaint makes only allegations as to the capacities of Defendants Donley and Lewis. (ECF

No. 1 at 3.) Plaintiff alleges that the Court has jurisdiction under 42 U.S.C. 1983 ("Section

1983").

The crux of Plaintiff's Complaint concerns property allegedly owned by him and upon

which certain Defendants have engaged in a foreclosure action. (*See* ECF No. 1 at 16.)

On March 12, 2015, Plaintiff filed the at-issue motion. (ECF No. 9.) Plaintiff seeks a

temporary restraining order ("TRO") and a preliminary injunction ("PI") to restrain Defendants

from engaging in a "non-judicial foreclosure proceeding and the sale of his propert[ies]." (ECF

No. 9 at 1.)

## II.    LEGAL STANDARDS

### A.    Pro Se Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United

States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's

conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted).  Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

**B.      Preliminary Injunction**

Before a preliminary injunction may be issued, the moving party must establish: (1) it will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction may cause the opposing party, (3) if issued, the injunction would not be adverse to the public interest, and (4) it has a substantial likelihood of success on the merits. Fed. R. Civ. P. 65(a); *Wilderness Workshop v. United States Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008) (citation omitted).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003) (citation omitted).

### C.     Temporary Restraining Order

To obtain a temporary restraining order under Rule 65(b)(1)(a) of the Federal Rules of Civil Procedure, a plaintiff must show, via affidavit:  (i) that he will suffer immediate and irreparable injury before the defendant can be heard in opposition; and (ii) the efforts he has made to give notice of the request to the opposing party, or to show why notice should be excused.  *See Boles v. Dansdill*, Case No. 05CV01661OES, 2005 WL 2205860, at *1 (Sept. 8, 2005).

## III.    ANALYSIS

### A.     Subject Matter Jurisdiction

A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.  *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (citations omitted); *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980) (citation omitted).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (citation omitted).

It is not clear that the Court has subject matter jurisdiction over Plaintiff's Complaint. (ECF No. 1.)  28 U.S.C. § 1331 provides the Court with jurisdiction for claims arising under United States' statutes.  Plaintiff alleges that the Court has jurisdiction pursuant to Section 1983. (ECF No. 1 at 2.)  Section 1983, however, does not confer an independent basis for the Court to exercise jurisdiction unless plaintiff alleges a defendant violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970); *Guinn v. Farmers Ins. Co.*, 563 F. App'x 653, 654 (10th Cir. 2014) (unpublished) (citation omitted).  Plaintiffs' Complaint does not allege that

a defendant violated his rights under the color of state law.  (*See generally* ECF No. 1.)

Although the caption of the Complaint names a state actor, Plaintiff makes no independent

allegations against Elliot.

### B.      The Motion's Merits

Plaintiff seeks both a TRO and a PI.  Plaintiff provided notice to Defendants.  (ECF No. 9

at 2.)  "The procedure and standards for issuance of a [TRO] mirror those for a preliminary

injunction" under Rule 65(a) of the Federal Rules of Civil Procedure.  *Emmis Commcn's Corp. v.

Media Strategies, Inc.*, Case No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23,

2001).  To grant Plaintiff's request for a TRO, the Court must find that Plaintiff has shown a

substantial likelihood of success on the merits of its claim.  *See Wilderness Workshop*, 531 F.3d

at 1224.  Because a TRO is an extraordinary remedy, Plaintiff's right to such relief must be

"clear and unequivocal."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005)

(citation omitted).  On the record currently before the Court, the Court finds that Plaintiff has

failed to meet this high burden with respect to any Defendants due to the absence of irreparable

harm evidence.  (*See generally* ECF No. 9);  *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir.

1999) (a party seeking injunctive relief must satisfy *all* four factors).  Thus, the Court does not

address the remaining factors.

While Plaintiff did not file an affidavit or declaration in support of his motion, his

Complaint is verified (*see* ECF No. 1 at 53).

Plaintiff has failed to show a threat of irreparable harm that is likely to occur before

Defendants could be heard in response to a motion for injunctive relief.  Although Plaintiff states

that he will suffer irreparable harm, Plaintiff has not shown such harm is imminent.  *See

Williams v. BAC Home Loans Serv.*, Case No. 10-CV-01805-MSK, 2010 WL 3025553, at *2 (D.

5

Colo. July 30, 2010).  There are no specific factual allegations as to the date on which the

foreclosure sale, if any, is scheduled.  Accordingly, Plaintiff has not demonstrated, as opposed to

merely asserting conclusory allegations, that he will be irreparable harmed before Defendant can

be heard in opposition.  Accordingly, Plaintiff has failed to carry his burden of showing an

imminent injury under Fed. R. Civ. P. 65(b)(1)(A).  Thus, the Court denies Plaintiff's motion for

a TRO and a PI.

**IV.    CONCLUSION**

Based on the foregoing, the Court:

(1)    DENIES WITHOUT PREJUDICE Plaintiff's motion for a temporary restraining

order and preliminary injunction; and

(2)    ORDERS Plaintiff to show cause as to whether the Court has subject matter

jurisdiction.  Plaintiff shall file a brief responsive to this Order by April 6, 2015; Defendants are

permitted to respond to Plaintiff's brief in response to this Order by April 20, 2015.

DATED this 16th day of March, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge