**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-00320-RM-KLM

JESS WATTS,

    Plaintiff,

v.

CHRIS DONLEY,
CHRIS DONLEY REAL ESTATE,
GRANT W. LEWIS,
LAW OFFICE OF GRANT W. LEWIS, and
KATHY ELLIOTT, Public Trustee of Fremont County, Colorado,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff Jess Watts' "Brief in support of his claim that this Court has subject matter jurisdiction" ("Brief"). (ECF No. 21). Plaintiff filed this Brief in response to the Court's show cause order as to whether the Court has subject matter jurisdiction. (ECF No. 17.) Also before the Court are Defendant Kathy Elliott's ("Elliot" or Public Trustee") motion to dismiss (ECF No. 15) and Defendants Chris Donley as well as Chris Donley Real Estate's (collectively, "Donley Defendants") motion to dismiss (ECF No. 19). Both motions are pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 15; 19.)

For the reasons stated below, the Court (1) DISMISSES Plaintiff's Complaint (ECF No. 1); (2) GRANTS, in part, Public Trustee's motion to dismiss; (3) GRANTS, in part, Donley

Defendant's motion to dismiss; and (4) DISMISSES, *sua sponte*, Defendants Grant W. Lewis and Law Office of Grant W. Lewis's (collectively "Lewis Defendants") counterclaim against Plaintiff (ECF No. 14, Countercl. ¶ 67).

## I.  BACKGROUND

### A.  Procedural Background

On February 17, 2015, Plaintiff filed a Verified Complaint ("Complaint")[1] alleging Defendants: (1) denied him due process pursuant to 42 U.S.C. § 1983 (ECF No. 1 at 16-20); (2) lacked standing to foreclose on a property owned by him (ECF No. 1 at 20-21); (3) engaged in mortgage fraud (ECF No. 1 at 21-22); (4) intentionally inflicted emotional distress (ECF No. 1 at 22-23); (5) slandered him (ECF No. 1 at 23-24); (6) deprived him of property pursuant to 42 U.S.C. § 1983 (ECF No. 1 at 24-25); (7) committed fraud on a court (ECF No. 1 at 25-26, 50); (8) engaged in a conspiracy pursuant to 42 U.S.C. § 1985(3) (ECF No. 1 at 50-51); and (9) wrongfully foreclosed on his property (ECF No. 1 at 51-53). Plaintiff's Complaint names as Defendants: (1) Chris Donley ("Donley"); (2) Chris Donley Real Estate (3) Grant W. Lewis ("Lewis"); (4) the Law Office of Grant W. Lewis; and (5) Kathy Elliott ("Elliott") in her official capacity as Public Trustee of Fremont County, Colorado. (ECF No. 1.) Plaintiff's Complaint does not specify any allegations as to the capacity of Public Trustee. (*See generally* ECF No. 1.) Plaintiff's Complaint makes only allegations as to the capacities of Defendants Donley and Lewis. (ECF No. 1 at 3.) Plaintiff alleges that the Court has jurisdiction under 42 U.S.C. 1983 ("Section 1983"). Plaintiff challenges the constitutionality of a state statute, Section 38-38-101 of the Colorado Revised Statutes. (*See* ECF No. 1 at 2, 53.)

On March 3, 2015, Lewis Defendants filed an answer and counterclaim. (ECF No. 14.)

---

[1] For ease of reference, the Court refers to the Complaint's electronic case filing page numbers as opposed to Plaintiff's page numbering (since there are exhibits interspersed in his Complaint) or Plaintiff's paragraph numbering (since there are repeat paragraph numbers). (*See* ECF No. 1.)

On March 13, 2015, Public Trustee filed a motion to dismiss based upon the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim. (ECF No. 15.) Plaintiff responded to Public Trustee's motion to dismiss on April 9, 2015. (ECF No. 24.)

On March 16, 2015, the Court denied without prejudice Plaintiff's motion for a temporary restraining order and preliminary injunction. (ECF No. 17.) The Court questioned whether Plaintiff had sufficiently alleged facts establishing the Court's subject matter jurisdiction. (ECF No. 17 at 4-5.) The Court ordered Plaintiff to show cause as to whether the Court has subject matter jurisdiction. (ECF No. 17 at 6.) On April 3, 2015, Plaintiff filed a Brief in response to the Court's order. (ECF No. 21.) Donley Defendants and Public Trustee filed a response to Plaintiff's Brief. (ECF Nos. 22; 23.)

On March 17, 2015, Donley Defendants filed a motion to dismiss based upon the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim. (ECF No. 19.) Plaintiff responded to Donley Defendants' motion to dismiss. (ECF No. 24.)

Plaintiff brings three claims pursuant to federal law. (ECF No. 1 at 16-20, 24-25, 50-51.) Plaintiff alleges the following related to subject matter jurisdiction:

10. Plaintiff is informed and believe and thereon allege that at all times herein mentioned, each of the defendants sued herein was the agent and employee of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment and that the acts were done under color of state law with the aid of a public trustee, an agent of the state. (ECF No. 1 at 17.)

12. In 2006, the Colorado state legislature passed HB-1387, which amended major portions of the foreclosure statute and subsequently the denial of due process rights was born. (ECF No. 1 at 17.)

13. This action arises out of Defendants interference with Plaintiffs due process and equal protection in the Rule 120 foreclosure proceeding. Plaintiff alleges this was a part of a broad conspiracy designed to deprive

homeowners of due process in order to advance their own financial interests. When the legislature passed HB 1387, State action came into existence. (ECF No. 1 at 17.)

21. Plaintiff alleges that the essence of the Tort "abuse of process" lies in the misuse of the powers of the court. In this case, Defendants utilized several practices, including: fabrication of documents and falsified signatures to rob Plaintiff of his home. It is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice. (ECF No. 1 at 25.)

34. Plaintiff alleges that the defendants have conspired for mutual gain, that the conspiracy was ongoing and prolonged through the use of spurious, fraudulent documents used to pursue foreclosure. (ECF No. 1 at 50.)

B. **Factual Background**

The following "facts" are taken from Plaintiff's allegations in his Complaint. (ECF No. 1.) The crux of Plaintiff's Complaint concerns property allegedly owned by him and upon which certain Defendants have engaged in a foreclosure action. (*See* ECF No. 1 at 16.)

With Donley's help, Plaintiff purchased two properties in Colorado in October 2010. (ECF No. 1 at 3.) After purchasing the property, Donley offered Plaintiff money to build a barn on one of the properties. (ECF No. 1 at 3.) Plaintiff executed a promissory note and deed of trust. (ECF No. 1 at 3.) Plaintiff paid Donley the amount due under the promissory note and deed of trust. (ECF No. 1 at 3.)

Lewis represents Donley as the latter's attorney. (ECF No. 1 at 4.) Subsequent to Plaintiff's purchase of the properties, Donley and Lewis filed a foreclosure action against Plaintiff under Rule 120 of the Colorado Rules of Civil Procedure in Fremont County, Colorado District Court, Case No. 14 CV 30203. (ECF No. 1 at 2, 16.) Plaintiff filed an action in state court against certain unidentified Defendants in Fremont County, Colorado, District Court, Case No. 14 CV 30207. (ECF No. 1 at 2.) Both matters are on appeal in the Colorado Court of Appeals as Case No. 14CA2165. (ECF No. 1 at 2.)

## II. LEGAL STANDARDS

### A. *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10-CV-00023-LTB-KMT, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *adopted in* 2010 WL 4449729, at *1 (D. Colo. Nov. 1, 2010).

### B. Rule 12(b)(1) Motion

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction may be brought in two forms: "facial" or "factual." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack" as to subject matter jurisdiction

challenges the sufficiency of the complaint and in reviewing such a challenge, the Court must accept the allegations in the complaint as true. *Id*. A "factual attack" as to subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends and in reviewing such a challenge, the Court has discretion to consider documents outside complaint. *Id*. at 1003. If undertaking a review of subject matter jurisdiction predicated upon a factual attack of the complaint, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*.

A Rule 12(b)(1) motion to dismiss must be determined without regard to mere conclusory allegations of jurisdiction. *Hernandez v. United States*, 34 F. Supp. 3d 1168, 1175 (D. Colo. 2014) (citing *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)). Where jurisdictional issues raised in a Rule 12(b)(1) motion are intertwined with the case's merits, the Court should resolve the motion under either Rule 12(b)(6) or Rule 56. *Hernandez*, 34 F. Supp. 3d at 1175 (citations omitted).

Regardless of the type of challenge to subject matter jurisdiction, the plaintiff retains the burden of establishing subject matter jurisdiction. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted).

    **C.**    **Rule 12(b)(6) Motion**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### III. ANALYSIS

#### A. The Court Does Not Have Subject Matter Jurisdiction Because Plaintiff Has Not Established State Action nor Sufficiently Pled a Violation of a Federal Law

A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (citations omitted); *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980) (citation omitted). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (citations omitted).

28 U.S.C. § 1331 provides the Court with jurisdiction for claims arising under United States' statutes. Plaintiff alleges that the Court has jurisdiction pursuant to Section 1983. (ECF

No. 1 at 2.) Section 1983, however, does not confer an independent basis for the Court to exercise jurisdiction unless plaintiff alleges a defendant violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970); *Guinn v. Farmers Ins. Co.*, 563 F. App'x 653, 654 (10th Cir. 2014) (unpublished) (citation omitted).

Under Section 1983, persons acting under the color of state law can be held liable for depriving others of their constitutional rights. *See Adickes*, 398 U.S. at 150. In order to show that an action was taken under color of state law, a plaintiff must show: (1) that the "alleged constitutional deprivation [was] 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible,'" and (2) that the "'party charged with the deprivation [was] a person who may fairly be said to be a state actor.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (hereinafter "*Sullivan*") (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

Alleging a private misuse of state laws fails to satisfy the first prong of the color of law test. *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1209 (10th Cir. 2005) (citing *Lugar*, 457 U.S. at 941). In considering the second prong of the color of law test, the Court may apply a variety of tests depending on the case's facts. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1448 (10th Cir. 1995). Under the nexus test, a plaintiff must allege "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Gallagher*, 49 F.3d at 1448 (internal quotation and citation omitted). Under the symbiotic relationship test, the plaintiff must show that "the state has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity." *Gallagher*, 49 F.3d at 1451

(internal quotation and citation omitted).  Under the public function test, a plaintiff must show that private party exercised powers traditionally exclusively reserved to the State.  *Jackson v.Metro. Edison Co.*, 419 U.S. 345, 352 (1974) (citations omitted).  Under the joint action test, a plaintiff must show that a private party is "a willful participant in joint activity with the State or its agents."  *Adickes*, 398 U.S. at 152 (internal quotation marks omitted).  The question asked by each test is whether the "conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State."  *Lugar*, 457 U.S. at 937.

Plaintiff's primary argument is that both Donley Defendants and Lewis Defendants with Public Trustee engaged in joint action, *i.e.*, Plaintiff pursues the joint action rubric.  (ECF No. 21 at 2-3.)  Plaintiff's response to Defendants' motions to dismiss asserts several new facts.  (*See* ECF No. 24 at 7, 15-16 (allegations regarding Public Trustee).)  Plaintiff, however, cannot amend his Complaint by adding factual allegations in a responsive brief.  *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Wilson v. Jenks*, Case No. 12-CV-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

For the reasons stated below, Plaintiffs' Complaint does not allege that a Defendant violated his rights under the color of state law or that a Defendant has violated federal law.  Thus Plaintiff fails to establish that the Court has subject matter jurisdiction.

1.      Due Process and Equal Protection Claim

With respect to Public Trustee[2], although the caption of the Complaint names a state actor, Plaintiff makes no independent allegations against Public Trustee. (*See generally* ECF No. 1.) Indeed, the Complaint does not even mention Public Trustee in that section describing "Parties" to the action. (*See* ECF No. 1 at 3.) Plaintiff alleges that "each of the defendants sued herein was the agent and employee of the remaining defendants . . . and that the acts were done under color of state law with the aid of a public trustee, an agent of the state." (ECF No. 1 at 17.) While Plaintiff does allege that the Public Trustee is a state actor, there are no allegations as to what "acts" in which the Public Trustee engaged. (*See generally* ECF No. 1.) Plaintiff's allegation—that Defendants' acted "with the aid of a public trustee"—is conclusory and amounts to nothing more than a formulaic recitation of subject matter jurisdiction's elements. Therefore, Plaintiff's allegation is insufficient to establish subject matter jurisdiction. *Ashcroft*, 556 U.S. at 681 (citation omitted); *Holt*, 46 F.3d at 1002; *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (holding that "[m]erely stating that [a plaintiff's] due process and equal protection rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally [the court] construe[s] such pleadings"). Further, the "mere acquiescence of a state official in the actions of a private party is not sufficient" to invoke a federal court's subject matter jurisdiction. *Gallagher*, 49 F.3d at 1453; *accord Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978) (citation omitted).

---

[2] The Fremont county treasurer's office, by statute, serves as the public trustee. Colo. Rev. Stat. §§ 38-37-102, 38-37-104, as amended by H.B. 15-1142 (Apr. 21, 2015), 38-37-105. The legislature has prescribed the public trustee's duties and obligations. Colo. Rev. Stat. § 38-37-104, as amended by H.B. 15-1142 (Apr. 21, 2015). Under Rule 120 of the Colorado Rules of Civil Procedure, before residential property may be sold in foreclosure, the holder of debt is required to obtain an "order authorizing the sale from a court of competent jurisdiction." Colo. Rev. Stat. § 38-38-105(2)(a); Colo. R. Civ. P. 120(b), (d). The office of the public trustee has no involvement in a Rule 120 hearing and any sale held without a court order is invalid. Colo. Rev. Stat. § 38-38-105(2)(a).

Plaintiff further alleges that "[w]hen the legislature passed HB 1387, State action came into existence." (ECF No. 1 at 17.) Similarly, Plaintiff alleges that "Defendants and each of them have conspired under the guise of HB 06-1387, to deprive Plaintiff of his property under the 14th Amendment, using a procedurally defective process and statute." (ECF No. 1 at 19.) Plaintiff, however, makes no allegation as to how any Defendant has any responsibility in relation to "HB 1387." (*See generally* ECF No. 1.) Such allegations do not provide Defendants sufficient notice of the particular claim being asserted against them, and thus, the allegations do not state a plausible nexus to state action for a particular Defendant. This is in stark contrast to the complaint in *Brumfiel v. U.S Bank*, Case No. 12-CV-02716-WJM (D. Colo.) which similarly challenged "HB-1387." In that matter, the plaintiff alleged certain defendants were involved in drafting the legislation which was at issue. (*See* ECF No. 45 ¶¶ 14-15 in 12-CV-02716.)

With respect to the remaining Defendants, Plaintiff relies solely upon their acts being done "with the aid of a public trustee." (ECF No. 1 at 17.) Again, this is a conclusory allegation and insufficient to establish the Court's subject matter jurisdiction. *Ashcroft*, 556 U.S. at 681 (citation omitted); *Holt*, 46 F.3d at 1002; *Ketchum*, 775 F. Supp. at 1403. Plaintiff fails to adequately allege that either the Lewis Defendants or Donley Defendants are "state actors" or that the foreclosure action was done "under the color of state law." *See Schroder v. Volker*, 646 F. Supp. 132, 135 (D. Colo. 1986), *aff'd* 864 F.2d 97, 98-99 (10th Cir. 1988). Plaintiff's reliance (ECF No. 21 at 5) upon *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982), does not compel a different result. Again, Plaintiff fails to allege a specific action in which a state official engaged. (*See generally* ECF No. 1.) Further, *Lugar* applies to situations in which state officials will attach property on the *ex parte* application of one party to a private dispute. *Sullivan*, 526 U.S. at 58; *see Lewis v. JP Morgan Chase Bank*, Case No. 13-CV-01385-PAB-KLM, 2014 WL

1217948, at *5 (D. Colo. Mar. 24, 2014), *aff'd sub. nom. Lewis v. JP Morgan Chase Bank*, Case No. 14-1140, 2015 WL 1320186, at *3 (10th Cir. Mar. 25, 2015) (unpublished). For the reasons articulated in *Lewis*, 2014 WL 1217948, at *4-6, the Court finds that Plaintiff has failed to establish a due process or equal protection violation. Plaintiff admits in his Complaint that the foreclosure action was not done *ex parte* and that Plaintiff was given notice of and an opportunity to contest the foreclosure. (*See* ECF No. 1 at 18 (alleging that a Rule 120 hearing provides "rudimentary due process protection").)

Because Plaintiff fails to identify a protected status (*see generally* ECF No. 1), Plaintiff's Complaint does not contain any allegations to support an equal protection claim. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

    2.    <u>Abuse of Process Claim</u>

Plaintiff alleges that "Defendants utilized several practices, including: fabrication of documents and falsified signatures to rob Plaintiff of his home. It is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." (ECF No. 1 at 25.) The abuse of process tort provides a remedy in situations where litigation, though properly initiated, is "misused through an irregular, generally coercive act." *Mintz .v Accident & Injury Med. Specialists, PC*, 284 P.3d 62, 66 (Colo. App. 2010) (citation omitted), *as modified on denial of reh'g* (Feb. 24, 2011), *aff'd sub nom. Accident & Injury Med. Specialists, P.C. v. Mintz*, 279 P.3d 658, 667 (Colo. 2012). To prevail on an abuse of process claim "a plaintiff must prove the defendant (1) had an ulterior purpose in using a judicial proceeding; (2) used the proceeding in an improper manner by taking a willful action that was improper in the proceeding's regular course; and (3) caused damage." *Id*.

A private party[3] invoking a state legal procedure does not transform itself into a state actor. *Lewis*, 2014 WL 1217948, at *3 (citing *Read v. Klein*, 1 F. App'x 866, 871 (10th Cir. 2001) (unpublished) and *Ramsey v. Citibank, N.A.*, Case No. 10-CV-02653-WYD-CBS, 2011 WL 4485918, at *5 (D. Colo. Sept. 28, 2011) (adopting recommendation of magistrate judge that bank, which invoked Rule 120, was not a state actor under Section 1983)). Therefore, Plaintiff fails to allege that either the Lewis Defendants' or Donley Defendants' invoking Rule 120 or the judicial process transforms them into state actors.

### 3. Conspiracy Claim

Plaintiff alleges Defendants "have conspired for mutual gain, that the conspiracy was ongoing and prolonged through the use of spurious, fraudulent documents used to pursue foreclosure" in violation of 42 U.S.C. § 1985(3). (ECF No. 1 at 50.) Case law has defined the elements of a claim under this statute as the following: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Section 1985(3) "does not apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton*, 6 F.3d at 686 (quoting *Griffin*, 403 U.S. at 101-02). "The other 'class-based animus' language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias." *Tilton*, 6 F.3d at 686 (citing *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 837 (1983)).

---

[3] Plaintiff's allegations in his Sixth Cause of Action (ECF No. 1 at 24-25) make no allegations particular to Public Trustee.

Plaintiff fails to identify the racial or class-based, invidiously discriminatory animus. (*See generally* ECF No. 1.) Therefore, Plaintiff fails to plead an essential element of his Section 1985(3) claim and therefore, this claim is properly dismissed.

### 4. Plaintiff's Remaining Claims

The Tenth Circuit classifies supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Because the Court has found that Plaintiff has failed to adequately allege subject matter jurisdiction with respect to each of Plaintiffs' federal claims over which the Court would have original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses the claims. 28 U.S.C. § 1367(c)(3); *see Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

### B.   Lewis Defendants' Counterclaim is Insufficiently Pled

The Court, *sua sponte*, considers whether Lewis Defendants have sufficiently pled their counterclaim. A counterclaim is evaluated under the same standard as a Rule 12(b)(6) motion. *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1267-68 (10th Cir. 2003). Lewis Defendants' counterclaim consists of a singular paragraph. (ECF No. 14, Countercl. ¶ 67.) The Court, *sua sponte*, finds that Lewis Defendants' counterclaim fails to establish the Court's subject matter jurisdiction and fails to plead sufficient facts to state a claim. *See* Fed. R. Civ. P. 8(a) (a pleading must contain a statement of the grounds for the court's jurisdiction; a statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought); *see Hall*, 935 F. 2d at 1109-10 ("Although dismissal under Rule 12(b)(6) typically

follow a motion to dismiss . . . a court may dismiss *sua sponte* when it is patently obvious that the [moving party] could not prevail on the facts alleged. . . .").

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) DISMISSES WITHOUT PREJUDICE[4] Plaintiff's Complaint (ECF No. 1);

(2) GRANTS, in part, Public Trustee's motion to dismiss (ECF No. 15), to wit, the Court GRANTS Public Trustee's motion to dismiss for lack of subject matter jurisdiction and DENIES Public Trustee's motion to dismiss for failure to state a claim with the exception of Plaintiff's Eighth Cause of Action for a violation of 42 U.S.C. § 1985(3) (ECF No. 1 at 50-51) which the Court GRANTS;

(3) GRANTS, in part, Donley Defendants' motion to dismiss (ECF No. 19), to wit, the Court GRANTS Donley Defendants' motion to dismiss for lack of subject matter jurisdiction and DENIES Donley Defendants' motion to dismiss for failure to state a claim with the exception of Plaintiff's Eighth Cause of Action for a violation of 42 U.S.C. § 1985(3) (ECF No. 1 at 50-51) which the Court GRANTS; and

---

[4] In Plaintiff's Brief in response to the show cause order, Plaintiff requests leave to amend his Complaint. (ECF No. 21 at 3). Such a request is not properly before the Court in such a procedural posture. D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."); *see, e.g.*, *Hines v. Jones*, 373 F. App'x 890, 891-92 (10th Cir. Apr. 22, 2010) (unpublished); *see Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (holding that a response to motion to dismiss is insufficient to be construed as request to amend a complaint).

      (4)    DISMISSES WITHOUT PREJUDICE Lewis Defendants' counterclaim (ECF No. 14, Countercl. ¶ 67).

DATED this 14th day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

17